IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AON ESOLUTIONS, INC.,

    Plaintiff,

v.

STEPHEN BRESLIN, et al.,

    Defendants.

Case No. 11-cv-5050

**FILED**

MAR 20 2012

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Plaintiff Aon eSolutions, Inc. ("Aon") and Defendants Stephen Breslin, James Haas, Gina Rothweiler, and Riskonnect, Inc. (collectively "Defendants"), by their respective counsel, agree as follows:

1. Discovery in this matter will encompass substantial information that would not normally be disclosed to a competitor or the public. Such information includes trade secrets and other confidential commercial and financial information.

2. Public disclosure of such information could cause injury to the parties in this case, as well as others who are not parties in this litigation. Accordingly, because good causes exists for entry of a confidentiality agreement and protective order in this case, the parties agree as follows.

3. Aon, Defendants, or any third party may designate as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" any document, testimony, information or material disclosed through formal or informal discovery or otherwise in the course of this litigation as hereinafter set forth in Paragraphs 4, 5, and 6. Such designation shall subject the information produced or provided under said designation to the provisions of this Confidentiality Agreement and

Protective Order. Aon, Defendants or any third party shall designate material "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" only when it in good faith believes that the material contains trade secrets or other nonpublic technical, commercial, financial, personal or business information.

4. Any document produced by any party or person in this litigation may be designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" by stamping the words "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" on the face of the document in a manner that will not interfere with its legibility. Alternatively, a document may be designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" by identifying such document(s) by bates number and designating it/them as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" in a cover letter addressed to counsel for all other parties to this Action.

5. Aon, Defendants, or any third party may designate deposition testimony or any portion of deposition testimony as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" by advising the reporter and counsel of such designation during the course of the deposition, or in writing within 10 days of the receipt of the deposition transcript. Transcripts will be treated as "ATTORNEY'S EYES ONLY" for the 10-day period. Whenever any writing designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" is identified as an exhibit in connection with testimony given or with any document filed with the Court in this case, it shall be so marked and separately filed under seal with the Court.

6. Aon, Defendants, or any third party may designate as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" specific responses to information requests by labeling the specific response "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

7. Whenever any document, testimony, information or material designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" is used or submitted to the Court in conjunction with any filing or proceeding in this litigation, it shall be so marked and shall be filed separately along with a motion for leave to file under seal with the Court, pursuant to the Local Rules of Civil Procedure.

8. Except upon prior written consent of the party or persons asserting "CONFIDENTIAL" treatment or upon further order of a court of competent jurisdiction, documents, testimony, information or material designated as "CONFIDENTIAL" shall be held in strict confidence and shall be used solely for the purposes of prosecution or defense of this litigation. Access to "CONFIDENTIAL" documents, testimony, information or material shall be limited to:

    (a) Counsel for the respective parties, including in-house counsel and co-counsel (and employees of said counsel who are assisting in the prosecution or defense of this litigation);

    (b) Experts and consultants (including independent experts and consultants, and employees or clerical assistants of said experts) who are employed, retained or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies or providing opinions to assist in such litigation;

    (c) Parties or officers or employees of the respective parties who have a reasonable business need to review such documents, testimony, information or material;

    (d) The Court;

(e) Any witness during the course of his or her testimony at a deposition, hearing, or trial of this case;

(f) Any court reporter or other stenographic reporter who is called upon to record or transcribe deposition testimony or other testimony in this case; and

(g) Any mediator who is engaged to assist the parties in settlement negotiations on a confidential basis.

(h) "CONFIDENTIAL" documents, testimony, information or material shall not be disclosed to any expert or consultant (as defined in paragraph 8(b)), or to any officer or employee (as defined in paragraph 8(c)) of the opposing party, unless and until he/she agrees to be bound by the terms of this Stipulated Confidentiality Agreement and Protective Order.

9. Except upon prior written consent of the party asserting "ATTORNEY'S EYES ONLY" treatment or upon order of a court of competent jurisdiction, documents, testimony, information or material designated as "ATTORNEY'S EYES ONLY" shall be held in strict confidence and shall be used solely for the purposes of prosecution or defense of this litigation. Access to "ATTORNEY'S EYES ONLY" documents, testimony, information or material shall be limited to:

(a) Counsel for the respective parties, including in-house counsel and co-counsel (and employees of said counsel who are assisting in the prosecution or defense of this litigation);

(b) Experts and consultants (including independent experts and consultants, and employees or clerical assistants of said experts) who are employed,

retained or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies or providing opinions to assist in such litigation;

(c) Parties or witnesses, if it is clear from the designated documents that they previously had access to such information

(d) The Court;

(e) Any witness during the course of his or her testimony at a deposition, hearing, or trial of this case;

(f) Any court reporter or other stenographic reporter who is called upon to record or transcribe deposition testimony or other testimony in this case; and

(g) Any mediator who is engaged to assist the parties in settlement negotiations on a confidential basis.

(h) "ATTORNEY'S EYES ONLY" documents, testimony, information or material shall not be disclosed to any expert or consultant (as defined in paragraph 9(b)) unless and until such person agrees to be bound by the terms of this Stipulated Confidentiality Agreement and Protective Order.

10. No party shall, for itself or for any person or persons acting on its behalf, make more copies of any "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information or material than are reasonably necessary to conduct this litigation.

11. Except as otherwise provided for in this Confidentiality Agreement, all "CONFIDENTIAL" and "ATTORNEY'S EYES ONLY" information and material shall remain in the possession of counsel for the respective parties, and be stored in a secure place.

12. If Aon, Defendants, or any third party objects to the designation of any document, testimony, information or material as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," it may, by motion, apply to the Court for a ruling that the document, testimony, information or material shall not be so treated. The burden shall remain with the party seeking confidentiality to justify such designation. Unless and until the Court enters an order to the contrary, the documents, testimony, information or material shall be given the "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" treatment initially assigned to it and provided for in this Confidentiality Agreement.

13. Should any party or person seek to utilize any "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" document, testimony, information or material at trial or a hearing in this matter, the parties agree that pursuant to 12 Pa. C.S. § 5306 and Fed. R. Civ. P. 26(c), such material may be introduced as evidence without threatening the trade secret and/or proprietary nature of the information. The parties expressly stipulate, and the Court hereby Orders, that any such "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" document, testimony, information or material introduced at trial or a hearing shall be treated as if filed under seal and any person involved in the trial or hearing shall be directed not to disclose the alleged trade secret(s) and/or proprietary business information without prior court approval.

14. Upon termination of this litigation, all originals and copies of "CONFIDENTIAL" and "ATTORNEY'S EYES ONLY" documents, testimony, information or material (and all summaries thereof) shall, upon request, be returned to counsel for the producing party(ies). Copies of materials designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" that have been filed with the Court may be returned to the filing party by the Clerk of Court, or destroyed.

15. This Stipulated Confidentiality Agreement and Protective Order shall not be construed to require any party or non-party to permit discovery into matters otherwise not discoverable under the Federal Rules of Civil Procedure or other applicable rules.

16. This Stipulated Confidentiality Agreement and Protective Order may be modified or amended by written agreement of the parties or by order of the Court for good cause shown.

Respectfully submitted,

/s/ Shelby R. Schwartz
William J. Leahy, Esquire
Shelby R. Schwartz, Esquire
Littler Mendelson, P.C.
Three Parkway, Suite 1400
1601 Cherry Street
Philadelphia, PA 19102
(267) 402-3000
wleahy@littler.com
srschwartz@littler.com
*Attorneys for Plaintiff*
*Aon eSolutions, Inc.*

/s/ Michael B. Brennan
Michael B. Brennan, Esquire
Daniel J. Kennedy, Esquire
Gass, Weber, Mullins, LLC
309 North Water Street, Suite 700
Milwaukee, WI 53202
(414) 223-3300
*Attorneys for Defendant*
*James Haas*

/s/ Ruth I. Major
Ruth I. Major, Esquire
The Law Offices of Ruth I Major, PC
30 W. Monroe Street, Suite 1650
Chicago, IL 60603
(312) 893-7544
rmajor@major-law.com
*Attorneys for Defendant*
*Gina Rothweiler*

/s/ Leigh Ann Buziak
Anthony B. Haller, Esquire
Leigh Ann Buziak, Esquire
Blank Rome LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6998
(215) 569-5500
haller@blankrome.com
fierro@blankrome.com
*Attorneys for Defendant*
*Stephen Breslin*

/s/ Francis Correll, Jr.
Francis Correll Jr., Esquire
Klehr Harrison Harvey Branzburg LLP
1835 Market Street, Suite 1400
Philadelphia, PA 19103
(215) 569-2700
fcorrell@klehr.com
*Attorneys for Defendant*
*Riskonnect, Inc.*

/s/ R. Randy Edwards
R. Randy Edwards, Esquire
Cochran & Edwards
2950 Atlanta Road
Smyrna, GA 30080
(770) 435-2131
randy@cochranedwardslaw.com
*Attorneys for Defendant*
*Riskonnect, Inc.*